Steven Cooper
Christopher Lynch
REED SMITH LLP
599 Lexington Avenue
22nd Floor
New York, NY 10022
Telephone: 212.521.5400
Facsimile: 212.521.5450
scooper@reedsmith.com
clynch@reedsmith.com

-and-

David M. Lisi (*pro hac vice* pending)
Ann K. Miller (*pro hac vice* pending)
1510 Page Mill Road
Suite 110
Palo Alto, CA 94304
Telephone: 650.352.0500
Facsimile: 650.352.0699
dlisi@reedsmith.com
akmiller@reedsmith.com

*Attorneys for Defendant Next Jump, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **BORDERS GROUP, INC.**, ***et al.***, | Case No. 11-10614 (MG) |
| **Debtors.** | (Jointly Administered) |
| **BORDERS, INC. and BORDERS PROPERTIES, INC.**, | Adv. Proc. No. 11-02567 |
| **Plaintiffs,** | |
| **vs.** | |
| **NEXT JUMP, INC.**, | |
| **Defendant.** | |

**<u>ANSWER</u>**

Defendant Next Jump, Inc. ("Next Jump"), by and through its undersigned counsel, hereby answers the Complaint of plaintiffs Borders, Inc. ("Borders") and Borders Properties, Inc. ("Borders Properties") (together, "Plaintiffs").  To the extent not specifically admitted, each and every allegation in the Complaint is denied.  Section titles matching those in the Complaint are included for reference only, and do not constitute an admission.

## PRELIMINARY STATEMENT

Next Jump denies all of the allegations set forth in Plaintiffs' Preliminary Statement, except in the following respects:

- Regarding the recitation of the nature of the action, the Complaint speaks for itself.

- Next Jump admits that it was party to an Agreement with Borders, pursuant to which Borders provided Next Jump with a list of customers.

- With respect to damage asserted in the Preliminary Statement, Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations and therefore denies them.

- With respect to Plaintiffs' actions with respect to their intellectual property assets, Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations and therefore denies them.

- Regarding the recitation of the Plaintiffs' requests for relief, the Complaint speaks for itself.

- Regarding the recitation of the filings that accompany the Complaint, the filings speak for themselves.

## JURISDICTION AND VENUE

1.     Answering Paragraph 1, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 1.

2.     Answering Paragraph 2, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 2.

3.     Answering Paragraph 3, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump admits the allegations of Paragraph 3.

## THE PARTIES

4.     Answering Paragraph 4, Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations of Paragraph 4, and on that basis, denies them.

5.     Answering Paragraph 5, Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations of Paragraph 5, and on that basis, denies them.

6.     Answering Paragraph 6, Next Jump admits that it has offices at 261 Fifth Avenue, New York, New York 10016 and that it owns and operates the Web site OO.com.  Next Jump further admits that it entered into an agreement with Borders on or around July 2, 2007. Except as expressly admitted, Next Jump denies the allegations of Paragraph 6.

## FACTS

### A.    The Chapter 11 Case

7.    Answering Paragraph 7, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump further avers that the docket in the underlying Chapter 11 action, entitled *In re Borders Group, Inc., et al*., United States Bankruptcy Court, Southern District of New York, Case No. 11-10614 (MG) (the "Chapter 11 Action"), speaks for itself.  To the extent a response is required, Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations of Paragraph 7, and on that basis, denies them.

8.    Answering Paragraph 8, Next Jump avers that the docket in the Chapter 11 Action speaks for itself.  Next Jump otherwise lacks sufficient knowledge or information on which to form a belief about the truth of the allegations of Paragraph 8, and on that basis, denies them.

9.    Answering Paragraph 9, Next Jump avers that the docket in the Chapter 11 Action speaks for itself.  Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations purporting to define the term invented for the Complaint, "BRP Customer List," and on that basis, denies them.  Next Jump admits that "Explicit Sponsor Enrollee Data" is defined by the Borders Rewards Perks Program Agreement entered into between Next Jump and Borders, Inc. on July 2, 2007 ("Agreement") and that the document speaks for itself.  Next Jump admits that it is possession of a copy of a portion of Debtor's membership lists and customer information.  Except as expressly admitted, Next Jump denies the allegations of Paragraph 9.

10.     Answering Paragraph 10, Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations of Paragraph 10, and on that basis, denies them.

**B.    The Next Jump Agreement**

11.     Answering Paragraph 11, Next Jump admits that it entered into an agreement with Borders, Inc. that is dated July 2, 2007 and entitled "Borders Rewards Perks Program" ("Agreement").  Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms, including with respect to opt-out capability of individuals involved in the program.  Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  Except as expressly admitted, Next Jump denies the allegations of Paragraph 11.

12.     Answering Paragraph 12, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  Next Jump admits that the referenced Exhibit A appears to be the same Agreement as that referenced by Next Jump *supra* in paragraphs 9 and 11 of this Answer.

13.     Answering Paragraph 13, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  Next Jump further avers that Paragraph 13 contains legal conclusions to which no response is required.  Next Jump otherwise denies the allegations of Paragraph 13.

14.     Answering Paragraph 14, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  Next Jump further avers that

Paragraph 14 contains legal conclusions to which no response is required. To the extent further response is required, Next Jump denies the allegations of Paragraph 14.

15.    Answering Paragraph 15, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms. Next Jump further avers that Paragraph 15 contains legal conclusions to which no response is required. To the extent further response is required, Next Jump denies the allegations of Paragraph 15.

16.    Answering Paragraph 16, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms. Next Jump further avers that Paragraph 16 contains legal conclusions to which no response is required. To the extent further response is required, Next Jump denies the allegations of Paragraph 16.

17.    Answering Paragraph 17, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms. Next Jump further avers that Paragraph 17 contains legal conclusions to which no response is required. To the extent further response is required, Next Jump denies the allegations of Paragraph 17.

18.    Answering Paragraph 18, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms. Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms. Next Jump further avers that Paragraph 18 contains legal conclusions to which no response is required. To the extent further response is required, Next Jump denies the allegations of Paragraph 18.

19.    Answering Paragraph 19, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms. Next Jump denies Plaintiffs' definition of

their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor

Enrollee Data," as anything other than the definition provided for by the Agreement or else

denies the equivalence of the terms.  Next Jump further avers that Paragraph 19 contains legal

conclusions to which no response is required.  To the extent further response is required, Next

Jump denies the allegations of Paragraph 19.

20.      Answering Paragraph 20, Next Jump avers that the Agreement speaks for itself

and denies Plaintiffs' attempt to characterize its terms.  Next Jump further avers that Paragraph

20 contains legal conclusions to which no response is required.  To the extent further response is

required, Next Jump denies the allegations of Paragraph 20.

21.      Answering Paragraph 21, Next Jump avers that the Agreement speaks for itself

and denies Plaintiffs' attempt to characterize its terms.  Next Jump denies Plaintiffs' definition of

their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor

Enrollee Data," as anything other than the definition provided for by the Agreement or else

denies the equivalence of the terms.  Next Jump further avers that Paragraph 21 contains legal

conclusions to which no response is required.  To the extent further response is required, Next

Jump denies the allegations of Paragraph 21.

C.      **The Borders Trademarks and Service Marks**

22.      Answering Paragraph 22, Next Jump lacks sufficient knowledge or information

on which to form a belief about the truth of the allegations of Paragraph 22, and on that basis

denies them.

23.      Answering Paragraph 23, Next Jump lacks sufficient knowledge or information

on which to form a belief about the truth of the allegations of Paragraph 23, and on that basis

denies them.

24.    Answering Paragraph 24, Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations of Paragraph 24, and on that basis denies them.

25.    Answering Paragraph 25, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations of Paragraph 25, and on that basis denies them.

26.    Answering Paragraph 26, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 26.

27.    Answering Paragraph 27, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 27.

**D.    Next Jump's Misappropriation of the Customer Information and Infringement of Trademark**

28.    Answering Paragraph 28, Next Jump admits that it owns the Web site OO.com, a shopping site that helps consumers navigate the overwhelming world of discounts and deals and provides a unique system for earning and redeeming universalized and non-expiring loyalty points, called "WOWPoints."

29.    Answering Paragraph 29, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump further avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  Next Jump denies Plaintiffs' definition of

their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms. Next Jump denies Plaintiff's attempt to misquote or mischaracterization oral statements by any employee of Next Jump. Next Jump admits that it sent an e-mail on or around July 22, 2011, to certain Borders Rewards Perks enrollees regarding obtaining access to loyalty points they had earned. Next Jump admits that a number of these individuals thereafter chose to access their stored points. Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations regarding the state of mind of Borders' customers, and on that basis, denies them. Next Jump denies the remaining allegations of Paragraph 29.

30.     Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms. Next Jump has insufficient information regarding the truth of Plaintiff's allegations regarding the timing of Mr. Angus' purported receipt of notice of any activities by Next Jump and on that basis denies them. Next Jump otherwise denies the allegations of Paragraph 30.

31.     Answering Paragraph 31, Next Jump avers that it contains legal conclusions to which no response is required. Next Jump further avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms. Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms. Next Jump admits that, on or about August 25, 2011, Next

Jump sent an e-mail to certain individuals, which e-mail included one or more links to the OO.com website.  Next Jump otherwise denies the allegations of Paragraph 31.

32.    Answering Paragraph 32, Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations regarding the state of mind of Borders' customers, and on that basis, denies them.  Next Jump admits that the Exhibits E, F and G to the Declaration of Gleit speak for themselves and denies any attempt by Plaintiffs to characterize their contents.  Except as expressly admitted, Next Jump denies the allegations of Paragraph 32.

33.    Answering Paragraph 33, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump further avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  To the extent further response is required, Next Jump denies the allegations of Paragraph 33.

34.    Answering Paragraph 34, Next Jump denies the allegations of Paragraph 34.

35.    Answering Paragraph 35, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 35.

36.    Answering Paragraph 36, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump admits that it received a letter dated August 26, 2011.  Next Jump avers that the letter speaks for itself and denies Plaintiffs' attempt to characterize its terms.  Next Jump otherwise denies the allegations of Paragraph 36.

37.    Answering Paragraph 37, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump further avers that the Agreement speaks for itself and

denies Plaintiffs' attempt to characterize its terms.  Next Jump admits that, on or about August

30, 2011, Next Jump contacted the Debtors but denies any attempt by Plaintiffs to characterize

Next Jump's statements.  Next Jump otherwise denies the allegations of Paragraph 37.

38.     Answering Paragraph 38, Next Jump avers that it contains legal conclusions to

which no response is required.  Next Jump admits that Borders had not shut down the

www.bordersrewardperks.com portal as of the date the Complaint was filed.  Next Jump

otherwise denies the allegations of Paragraph 38.

39.     Answering Paragraph 39, Next Jump lacks sufficient knowledge or information

on which to form a belief about the truth of the allegations of Paragraph 39, and on that basis,

denies them.

## COUNT I – INJUNCTIVE RELIEF

40.     Answering Paragraph 40, Next Jump incorporates each and every response above

as if fully set forth herein.  Paragraph 40 contains no substantive allegations of its own and

therefore no response is required.

41.     Answering Paragraph 41, Next Jump avers that it contains legal conclusions to

which no response is required.  To the extent a response is required, Next Jump denies the

allegations of Paragraph 41.  Next Jump denies that Plaintiffs have been harmed or face any

threat of harm.

42.     Answering Paragraph 42, Next Jump avers that it contains legal conclusions to

which no response is required.  To the extent a response is required, Next Jump denies the

allegations of Paragraph 42.   Plaintiffs are not likely to succeed on any of their claims.

43.    Answering Paragraph 43, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 43.  Next Jump denies that Plaintiffs have been harmed in any way whatsoever.

44.    Answering Paragraph 44, Next Jump denies the allegations of Paragraph 44.

45.    Answering Paragraph 45, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  To the extent further response is required, Next Jump denies the allegations of Paragraph 45.  Next Jump denies that Plaintiffs have been harmed or face any threat of harm.

46.    Answering Paragraph 46, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement and asserted in response to Paragraph 9 or else denies the equivalence of the terms.  To the extent further response is required, Next Jump denies the allegations of Paragraph 46.  Next Jump denies that Plaintiffs are entitled to any relief whatsoever, whether equitable or legal.

## COUNT II – COMMON LAW MISAPPROPRIATION OF TRADE SECRET

47.    Answering Paragraph 47, Next Jump incorporates each and every response above as if fully set forth herein.  Paragraph 47 contains no substantive allegations of its own and therefore no response is required.

- 12 -

48.    Answering Paragraph 48, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  Next Jump admits that Borders provided Explicit Sponsor Enrollee Data pursuant to the Agreement.  Next Jump otherwise denies the allegations of Paragraph 48.

49.    Answering Paragraph 49, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  Next Jump otherwise denies the allegations of Paragraph 49.

50.    Answering Paragraph 50, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  Next Jump otherwise denies the allegations of Paragraph 50.

51.    Answering Paragraph 51, Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  Next Jump otherwise lacks sufficient knowledge or information on

which to form a belief about the truth of the allegations of Paragraph 51 regarding the secrecy or value of Plaintiffs' Explicit Sponsor Enrollee Data, and on that basis, denies them.  Next Jump otherwise denies the allegations of Paragraph 51.

52.     Answering Paragraph 52, Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  Next Jump otherwise denies the allegations of Paragraph 52.

53.     Answering Paragraph 53, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  To the extent further response is required, Next Jump denies the allegations of Paragraph 53.  Next Jump denies that Plaintiffs have been damaged in any way whatsoever.

54.     Answering Paragraph 54, Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  Next Jump otherwise denies the allegations of Paragraph 54.

55.     Answering Paragraph 55, Next Jump avers that it contains legal conclusions to which no response is required. To the extent further response is required, Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms and otherwise denies the allegations of

Paragraph 55.  Next Jump denies that Plaintiffs have been damaged in any way whatsoever or that they are entitled to attorneys' fees or costs.

56.    Answering Paragraph 56, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent further response is required, Next Jump denies the allegations of Paragraph 56.  Next Jump denies that Plaintiffs have been harmed or face any threat of harm.

## COUNT III – BREACH OF CONTRACT

57.    Answering Paragraph 57, Next Jump incorporates each and every response above as if fully set forth herein.  Paragraph 57 contains no substantive allegations of its own and therefore no response is required.

58.    Answering Paragraph 58, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  Next Jump further avers that Paragraph 58 contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 58.

59.    Answering Paragraph 59, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  Next Jump further avers that Paragraph 59 contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 59.

60.    Answering Paragraph 60, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  .

61.    Answering Paragraph 61, Next Jump avers that the Agreement speaks for itself and denies Plaintiffs' attempt to characterize its terms.  Next Jump further avers that Paragraph

61 contains legal conclusions to which no response is required.  To the extent a response is

required, Next Jump denies the allegations of Paragraph 61.

62.    Answering Paragraph 62, Next Jump avers that the Agreement speaks for itself

and denies Plaintiffs' attempt to characterize its terms.  Next Jump further avers that Paragraph

62 contains legal conclusions to which no response is required.  Next Jump denies Plaintiffs'

definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to

"Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the

Agreement or else denies the equivalence of the terms.  To the extent a response is required,

Next Jump denies the allegations of Paragraph 62.

63.    Answering Paragraph 63, Next Jump avers that it contains legal conclusions to

which no response is required.  Next Jump denies Plaintiffs' definition of their invented term,

BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as

anything other than the definition provided for by the Agreement or else denies the equivalence

of the terms.  To the extent further response is required, Next Jump denies the allegations of

Paragraph 63.  Next Jump denies that Plaintiffs have been harmed or face any threat of harm.

64.    Answering Paragraph 64, Next Jump avers that it contains legal conclusions to

which no response is required.  To the extent a response is required, Next Jump denies the

allegations of Paragraph 64.  Next Jump denies that Plaintiffs have been damaged in any way

whatsoever or that Plaintiffs are entitled to attorneys' fees and costs.

65.    Answering Paragraph 65, Next Jump denies Plaintiffs' definition of their invented

term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data,"

as anything other than the definition provided for by the Agreement or else denies the

equivalence of the terms.  Next Jump otherwise denies the allegations of Paragraph 65.    Next

Jump denies that Plaintiffs are entitled to any relief whatsoever, be it legal or equitable.

## COUNT IV-UNJUST ENRICHMENT

66.    Answering Paragraph 66, Next Jump incorporates each and every response above

as if fully set forth herein.  Paragraph 66 contains no substantive allegations of its own and

therefore no response is required.

67.    Answering Paragraph 67, Next Jump denies Plaintiffs' definition of their invented

term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data,"

as anything other than the definition provided for by the Agreement and asserted in response to

Paragraph 9 or else denies the equivalence of the terms.  Next Jump otherwise denies the

allegations of Paragraph 67.

68.    Answering Paragraph 68, Next Jump avers that it contains legal conclusions to

which no response is required.  Next Jump denies Plaintiffs' definition of their invented term,

BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as

anything other than the definition provided for by the Agreement and asserted in response to

Paragraph 9 or else denies the equivalence of the terms.  To the extent further response is

required, Next Jump denies the allegations of Paragraph 68.

69.    Answering Paragraph 69, Next Jump avers that it contains legal conclusions to

which no response is required.  To the extent a response is required, Next Jump denies the

allegations of Paragraph 69.  Next Jump denies that it has "unjustly" obtained any benefit from

Borders.

## COUNT V-COMMON LAW INFRINGEMENT

70.     Answering Paragraph 70, Next Jump incorporates each and every response above as if fully set forth herein.  Paragraph 70 contains no substantive allegations of its own and therefore no response is required.

71.     Answering Paragraph 71, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 71.

72.     Answering Paragraph 72, Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations of Paragraph 72, and on that basis, denies them.

73.     Answering Paragraph 73, Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations regarding customer confusion and, on that basis, denies them.  Next Jump otherwise denies the allegations of Paragraph 73.

74.     Answering Paragraph 74, Next Jump denies the allegations of Paragraph 74.

75.     Answering Paragraph 75, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 75.  Next Jump denies that Plaintiffs have been damaged in any way whatsoever or that they are entitled to attorneys' fees or costs.

76.     Answering Paragraph 76, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the

- 18 -

allegations of Paragraph 76.  Next Jump denies that Plaintiffs have been harmed or face any

threat of harm or that they are entitled to any relief whatsoever, be it legal or equitable.

## COUNT VI -TRADEMARK INFRINGEMENT --LANHAM ACT --15 U.S.C. § 1114(1)

77.    Answering Paragraph 77, Next Jump incorporates each and every response above
as if fully set forth herein.  Paragraph 77 contains no substantive allegations of its own and
therefore no response is required.

78.    Answering Paragraph 78, Next Jump avers that it contains legal conclusions to
which no response is required.  Next Jump lacks sufficient knowledge or information on which
to form a belief about the truth of the allegations regarding customer confusion and, on that
basis, denies them.  To the extent further response is required, Next Jump denies the allegations
of Paragraph 78.

79.    Answering Paragraph 79, Next Jump denies the allegations of Paragraph 79.

80.    Answering Paragraph 80, Next Jump avers that it contains legal conclusions to
which no response is required.  To the extent a response is required, Next Jump denies the
allegations of Paragraph 80.  Next Jump denies that Plaintiffs have been damaged in any way
whatsoever or that they are entitled to attorneys' fees or costs.

81.    Answering Paragraph 81, Next Jump avers that it contains legal conclusions to
which no response is required.  To the extent a response is required, Next Jump denies the
allegations of Paragraph 81.  Next Jump denies that Plaintiffs have been harmed or face any
threat of harm or that they are entitled to any relief whatsoever, be it legal or equitable.

## COUNT VII -TRADEMARK INFRINGEMENT --LANHAM ACT --15 U.S.C. § 1125(A)

82.     Answering Paragraph 82, Next Jump incorporates each and every response above as if fully set forth herein.  Paragraph 82 contains no substantive allegations of its own and therefore no response is required.

83.     Answering Paragraph 83, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations regarding customer confusion and, on that basis, denies them.  To the extent further response is required, Next Jump denies the allegations of Paragraph 83.

84.     Answering Paragraph 84, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 84.  Next Jump denies that Plaintiffs have been damaged in any way whatsoever or that they are entitled to attorneys' fees or costs.

85.     Answering Paragraph 85, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 85.  Next Jump denies that Plaintiffs have been harmed or face any threat of harm or that they are entitled to any relief whatsoever, be it legal or equitable.

## COUNT VIII – VIOLATION OF SECTION 362 OF THE BANKRUPTCY CODE

86.     Answering Paragraph 86, Next Jump incorporates each and every response above as if fully set forth herein.  Paragraph 86 contains no substantive allegations of its own and therefore no response is required.

87.     Answering Paragraph 87, Next Jump avers that the docket in the Chapter 11 Action speaks for itself.  Next Jump further avers that Paragraph 87 contains legal conclusions to which no response is required.  Next Jump otherwise lacks sufficient knowledge or information on which to form a belief about the truth of the allegations of Paragraph 87, and on that basis, denies them.

88.     Answering Paragraph 88, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  To the extent further response is required, Next Jump denies the allegations of Paragraph 88.

89.     Answering Paragraph 89, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  To the extent further response is required, Next Jump denies the allegations of Paragraph 89.

90.     Answering Paragraph 90, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 90.

## <u>COUNT IX – TURNOVER PURSUANT TO SECTION 542(a)</u>
## <u>OF THE BANKRUPTCY CODE</u>

91.     Answering Paragraph 91, Next Jump incorporates each and every response above as if fully set forth herein.  Paragraph 91 contains no substantive allegations of its own and therefore no response is required.

92.     Answering Paragraph 92, Next Jump avers that it contains legal conclusions to which no response is required.  Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  To the extent further response is required, Next Jump denies the allegations of Paragraph 92.

93.     Answering Paragraph 93, Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  Next Jump admits that it possesses a copy of some Explicit Sponsor Enrollee Data.  Except as expressly admitted, Next Jump denies the allegations of Paragraph 93.

94.     Answering Paragraph 94, Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data," as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  Next Jump lacks sufficient knowledge or information on which to form a belief about the truth of the allegations of Paragraph 94, and on that basis, denies them. To the extent further response is required, Next Jump denies the allegations of Paragraph 94.

95.     Answering Paragraph 95, Next Jump denies Plaintiffs' definition of their invented term, BRP Customer List, which they equate in Paragraph 9 to "Explicit Sponsor Enrollee Data,"

as anything other than the definition provided for by the Agreement or else denies the equivalence of the terms.  Next Jump otherwise denies the allegations of Paragraph 95.

96.    Answering Paragraph 96, Next Jump avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Next Jump denies the allegations of Paragraph 96.  Next Jump denies that Plaintiffs are entitled to any relief whatsoever, be it legal or equitable.

## AFFIRMATIVE DEFENSES

Next Jump alleges the following separate and affirmative defenses to the Complaint, and in doing so, does not assume any burden(s) of proof, persuasion, or production on such defenses where such burden(s) otherwise would fall on Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    Next Jump alleges as an affirmative defense that the Complaint, and each cause of action asserted therein, fails to allege facts sufficient to constitute a cause of action against Next Jump for which relief can be granted to Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

2.    Next Jump alleges as an affirmative defense that Plaintiffs' Complaint, and each cause of action therein, is barred by the doctrine of laches in that Plaintiffs unreasonably delayed bringing this action and such delay causes prejudice to Next Jump.

## THIRD AFFIRMATIVE DEFENSE
### (Barred by Contract)

3.    Next Jump alleges as an affirmative defense that some or all of Plaintiffs' claims

are barred by the applicable provisions of contracts and/or agreements that were entered into by them.

## FOURTH AFFIRMATIVE DEFENSE
### (Consent/Acquiescence)

4.      Next Jump alleges as an affirmative defense that Plaintiffs had the opportunity and the obligation to review and consider all contracts and agreements, including oral modifications thereof, entered into by them.  The terms of the matters alleged in the Complaint were fully disclosed to Plaintiffs, and Plaintiffs knowingly entered into the transactions, having either understood such transactions or having failed to avail themselves of the opportunity to understand the transactions.  Plaintiffs consented to and approved all of the acts and omissions about which Plaintiffs now complain.  Plaintiffs acquiesced in and/or consented to the acts and omissions alleged in the Complaint herein, by accepting any and all explanations disclosed to Plaintiffs by the Next Jump of its process and conditions for performance of any contract or Agreement.  Accordingly, Plaintiffs are barred from obtaining the relief sought in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Ratification)

5.      Next Jump alleges as an affirmative defense that Plaintiffs are barred from asserting the alleged causes of actions contained in the Complaint, or from otherwise asserting any other right to relief against Defendant, because Plaintiffs and/or their agents, at all times, ratified the alleged acts, omissions and conduct alleged.

## SIXTH AFFIRMATIVE DEFENSE
### (Unjustifiable Reliance)

6.      Next Jump alleges as an affirmative defense that Plaintiffs failed to investigate

facts that were reasonably available to them and thereby unjustifiably relied on Next Jumps'
alleged misrepresentations or nondisclosures, if any there were.  Plaintiffs are therefore barred
from obtaining the relief sought in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Waiver and Estoppel)

7.      Next Jump allege as an affirmative defense that Plaintiffs, both expressly and
through their conduct, have waived any and all claims, rights, and demands made in the
Complaint because they accepted the terms of any and all products and/or services obtained, and
are estopped from making such claims now by reason of Next Jump's reliance on such waiver.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Failure to Exercise Ordinary Care)

8.      Next Jump alleges as an affirmative defense that Plaintiffs failed to exercise
ordinary care, caution, and prudence to avoid the injuries, losses, or damages alleged in the
Complaint and thereby directly and proximately caused and contributed to such injuries, losses,
or damages.  Plaintiffs are therefore barred from obtaining the relief sought in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
#### (Concealment)

9.      Next Jump alleges as an affirmative defense that Plaintiffs concealed material
facts and Plaintiffs are therefore barred from obtaining the relief sought in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
#### (Failure to Perform)

10.     Next Jump alleges as an affirmative defense that Plaintiffs failed to perform their
respective duties and obligations under the laws and agreements alleged in the Complaint.

Plaintiffs are therefore barred from recovery on the basis of such laws and agreements.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

11.    Next Jump alleges as an affirmative defense that Plaintiffs acted with full

knowledge and understanding of the relevant facts and circumstances surrounding the

transactions and relations at issue in this litigation and assumed any and all risks associated

therewith.  Plaintiffs are therefore barred from obtaining the relief sought in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Unjust Enrichment)

12.    Next Jump alleges as an affirmative defense that Plaintiffs are not entitled to any

recovery from Next Jump because Next Jump was not unjustly enriched.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Compliance with Lanham Act)

13.    Next Jump alleges as an affirmative defense that every use by Next Jump of

Plaintiffs' mark alleged in the Complaint was descriptive of and used fairly and in good faith

only to describe the goods or services of Plaintiffs, and therefore there is no liability for any use

so alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Fair Use)

14.    Next Jump alleges as an affirmative defense that every act or omission alleged in

the Complaint was done or omitted in good faith conformity with the rules and regulations of the

Lanham Act, and therefore there is no liability for any act or omission so alleged.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Justification)

15.     Next Jump alleges as an affirmative defense that the acts and omissions of Next Jump, if any, were justified by the information and facts available to Next Jump at the time such acts and omissions, if any, occurred.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Privilege)

16.     Next Jump alleges as an affirmative defense that the alleged acts and statements of Next Jump, if any, to, and with reference to, Plaintiffs, were good faith assertions of Next Jump's rights and are privileged.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Fault of Others)

17.     Next Jump allege as an affirmative defense that Plaintiffs' damages, if any, were proximately caused and/or contributed to by the acts, omissions, negligence and/or intentional misconduct of third parties, and were not caused by Next Jump.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

18.     Next Jump alleges as an affirmative defense that Next Jump committed no act or omission causing damage to Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

19.     Next Jump allege as an affirmative defense that Plaintiffs are not entitled to any recovery from Next Jump because no alleged act or omission of Next Jump was the cause in fact

or the proximate cause of any damage to Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Comparative Fault)

20.     Next Jump alleges as an affirmative defense that Plaintiffs did not exercise

ordinary care, caution and prudence in connection with the transactions and events that are

alleged in the Complaint.  Plaintiffs' lack of care, caution and prudence were independent of and

unrelated to the actions, if any, of Next Jump and proximately caused some or all of the

damages, if any, suffered by Plaintiffs.  Plaintiffs are therefore barred from recovery against

Next Jump or, alternatively, Plaintiffs' recovery, if any, should be proportionately reduced.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

21.     Next Jump alleges as an affirmative defense that Plaintiffs have failed, refused

and/or neglected to take reasonable steps to mitigate their alleged damages, if any, thus barring

or diminishing any recovery by them.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Failure to Allege Basis for Statutory Damages)

22.     Next Jump alleges as an affirmative defense that the Complaint and each cause of

action therein fails to allege facts sufficient to form a basis for an award of statutory damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Failure to Allege Basis for Punitive Damages)

23.     Next Jump alleges as an affirmative defense that the Complaint and each cause of

action therein fails to allege facts sufficient to form a basis for an award of punitive damages.

- 28 -

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Allege Basis for Attorneys' Fees)

24.    Next Jump alleges as an affirmative defense that the Complaint and each cause of action therein fails to allege facts sufficient to form a basis for an award of attorneys' fees, costs, interest and expenses of suit, nor for any "other and further relief."

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees Are Not Recoverable)

25.    Next Jump alleges as an affirmative defense that Plaintiffs failed to allege breach of contract before filing their lawsuit such that Plaintiffs' request for an award of attorneys' fees, costs, interest and expenses of suit is barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

26.    Next Jump alleges as an affirmative defense that Plaintiff's claims are barred by any and all applicable statutes of limitations.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

27.    Next Jump alleges as an affirmative defense that Plaintiffs have taken advantage of their own wrong doing in relation to the matters related to this lawsuit such that Plaintiffs' claims are barred by the doctrine of unclean hands.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Prevention of Performance)

28.    Next Jump alleges as an affirmative defense that Plaintiffs prevented Next Jump's performance of any duties validly alleged by Plaintiffs such that Plaintiffs' claims are barred.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

29.　　Next Jump alleges as an affirmative defense that there was no contract or

agreement between Next Jump and Borders Properties and any related debt was not properly

transferred to Borders Properties.  Borders Properties' claims are barred.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Frustration of Purpose)

30.　　Next Jump alleges as an affirmative defense that the remedies requested by

Plaintiffs would interfere with the purpose of the Agreement such that Plaintiffs' claims are

barred.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Failure of Condition Precedent)

31.　　Next Jump alleges as an affirmative defense that Plaintiffs failed to perform their

obligations under the Agreement upon which Next Jump's ability and obligation to perform

depended such that Plaintiffs' claims are barred.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Breach by Plaintiffs)

32.　　Next Jump alleges as an affirmative defense that Plaintiffs breached the

Agreement before any alleged breach by Next Jump such that Next Jump was excused from

performing and Plaintiffs' claims are barred.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Res Judicata/ Collateral Estoppel)

33.　　Next Jump alleges as an affirmative defense that some or all of the claims alleged

by Plaintiffs are barred by the doctrines of res judicata and/or collateral estoppel.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
**(Offset)**

34.    Next Jump alleges as an affirmative defense that Plaintiffs owe Next Jump money such that Plaintiffs' claims are offset.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
**(Accord and Satisfaction)**

35.    Next Jump alleges as an affirmative defense that Plaintiffs promised not to sue if Next Jump transferred additional data of value to Plaintiffs and Next Jump performed such transfer such that Plaintiffs' claims are barred.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
**(Failure to Act in a Commercially Reasonable Manner)**

36.    Next Jump alleges as an affirmative defense that Plaintiffs failed to follow the procedures required by the Michigan Commercial Code such that Plaintiffs' claims are barred.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
**(Compliance with Bankruptcy Code)**

37.    Next Jump alleges as an affirmative defense that every act or omission alleged in the Complaint was done or omitted in good faith conformity with the rules and regulations of the Bankruptcy Code, and therefore there is no liability for any act or omission so alleged.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
**(Plaintiffs' Failure to Comply with the Bankruptcy Code)**

38.    Next Jump alleges as an affirmative defense that Plaintiffs failed to follow the procedures required by the Bankruptcy Code such that Plaintiffs' claims are barred.

- 31 -

## Other Affirmative Defenses

39.    Next Jump has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Next Jump expressly reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses are appropriate.

Wherefore, Next Jump Next Jump prays as follows:

A.    That Plaintiffs take nothing by their Complaint;

B.    That the Complaint be dismissed with prejudice;

C.    That Next Jump be awarded its costs of suit, including reasonable attorneys' fees;

D.    That Next Jump have such other, further and different relief as this Court deems just and proper.

DATED:        September 9, 2011
              New York, New York

                          REED SMITH LLP

                          By:      /s/ Steven Cooper

                            Steven Cooper
                            Christopher Lynch
                            599 Lexington Avenue
                            22nd Floor
                            New York, NY 10022
                            Telephone: 212.521.5400
                            Facsimile: 212.521.5450
                            scooper@reedsmith.com
                            clynch@reedsmith.com

                            -and-

David M. Lisi (*pro hac vice* pending)
Ann K. Miller (*pro hac vice* pending)
1510 Page Mill Road
Suite 110
Palo Alto, CA 94304
Telephone: 650.352.0500
Facsimile: 650.352.0699
dlisi@reedsmith.com
akmiller@reedsmith.com

*Attorneys for Defendant Next Jump, Inc.*